**HENRY, et v THE COLUMBUS DEPOT COMPANY**

Ohio Appeals, 2nd Dist, Franklin Co

No 2773. Decided May 14, 1938

Donald J. Hoskins, Columbus, Maynard M. Donaldson, Columbus, and Herbert H. Lind, Columbus, for plaintiffs-appellants.

James M. Schooler, Columbus, for defendant-appellee.

**OPINION**

BY THE COURT:

This cause is before this Court on appeal from the judgment of the Court below on questions of law and fact.

We will designate the parties plaintiff and defendant, as they were below.

### THE PLEADINGS

It is stated that the plaintiffs are the widow and children of Robert D. Henry, who was the owner in fee simple of certain real estate; that by certain proceedings in the Probate Court of Franklin County, Ohio, the said Robert D. Henry, then known as Robert D. Henrich, was divested of his possession of the real estate, and that the defendant obtained an easement consisting of the possession and use of said land, for the purpose of constructing thereon a union electric interruban inter-terminal depot for passengers and freight; that the defendant has never constructed the depot, and has never used said premises for any of said purposes for which the land was appropriat-

ed, and that said premises are now used for parking automobiles; that the defendant has changed the use and has abandoned said premises for any use for which they were appropriated, and has abandoned the easement therein; that by reason of the change of use and abandonment of the easement, for the uses and purposes for which it was created by the appropriation proceeding, plaintiffs are entitled to have the same declared abandoned and cancelled, and a full and unincumbered fee simple estate restored to them, with an order of ejectment.

It is asserted that the easement is a cloud upon the title of the plaintiffs, although they have the full right as owners of said premises.

Plaintiffs pray that the easement be declared abandoned and cancelled, and the title of the plaintiffs be quieted as against the claim of the defendant, and that an order of ejectment be issued.

To this petition an answer was filed by The Columbus Depot Company, defendant, wherein the defendant makes certain admissions and avers that it was formed for the purpose of constructing and maintaining and operating a union electric interurban inter-terminal depot for passengers and freight; it is admitted that Robert P. Hendrick was the owner in fee simple of the premises, and that he was divested of the same in the appropriation proceedings in Probate Court, and denies that it obtained an easement, consisting merely of the possession and use of said premises, but avers that in said condemnation proceedings it obtained a fee simple title to the premises; that in said action it sought to appropriate said premises and every interest therein; that a hearing was had, a jury fixing the compensation; that the Probate Court entered judgment upon the verdict, finding that the defendant was entitled to acquire said premises and every interest therein upon the payment of the compensation fixed by the jury; that compensation was paid on October 15, 1912, in the sum of $6,800.00, in full satisfaction of the verdict and judgment, and that by reason thereof the defendant acquired a fee simple tittle in and to the premises, which it still holds; that the claim of the plaintiffs is a cloud upon the defendant's title; defendant prays that the petition be dismissed, and that it may be adjudged to be the owner in fee simple of the premises, and that the claims of the plaintiffs be declared null and void, and defendant's title be quieted.

To this answer a reply is filed, in which the acquisition of the fee simple title is denied, and it is denied that the defend-

ant in said proceedings sought to appropriate every interest in the premises, and denied that the verdict and judgment of the court found that the defendant was entitled to every interest in said premises, and denied that by the payment of the sum awarded, said defendant acquired a fee simple title.

Plaintiffs aver that the defendant only acquired an easement consisting of the possession and use of said premises, and never had had more than said easement, and that defendant has abandoned said easement by not using the same for the purposes for which the premises were appropriated.

## JUDGMENT OF THE COURT BELOW

The Court below found that the plaintiffs have no estate in, or are not entitled to the possession of the property described, or any part thereof; that the defendant, The Columbus Depot Company, is seized in fee simple and is rightfully in possession of the real property described in the petition.

Motion for new trial is overruled.

To this judgment notice of an appeal is given on questions of law and fact.

## THE EVIDENCE

The evidence submitted to the trial court is not voluminous and it consists mostly of the transcript of the record in the condemnation case No. 26994, of the Probate Court of Franklin County, Ohio.

In its petition in Probate Court the plaintiff alleged its incorporation and by the terms of its charter it is authorized to construct and maintain a union electric interurban terminal depot.

It is further alleged that it is necessary in order to carry out the purposes of the corporation that it shall appropriate and intends to appropriate the real estate herein described, for the purpose of constructing thereon a union electric interurban railroad depot; that a description of said real estate intended to be appropriated and necessary for the accomplishment of the purpose of the incorporation of the plaintiff is as set out.

Inability to agree with the owners is asserted; plaintiff prays that such steps may be taken as are authorized, whereby the plaintiffs may be enabled to appropriate the real estate "for the use, objects and purposes above stated, and for such other and further relief as the nature of the case may require."

An amended petition is filed somewhat more elaborate than the original. It states that it is necessary in order to carry out said purposes and objects of its incorpora-

584

tion that it shall appropriate and it intends to appropriate the real estate described "for the purpose of constructing thereon a union electric interurban terminal depot for passenger and freight".

Plaintiff says that the real estate intended to be appropriated is necessary for the accomplishment of the purposes of the incorporation of the plaintiff is as described; that the defendants are all the parties having any interest or estate in said premises.

Plaintiff prays that a preliminary hearing may be had and that such steps may be taken as are provided by law, and that the plaintiff may be adjudged "to be entitled to appropriat- said land and every interest therein, and that a jury may be impanelled to make inquiry and to assess the compensation to be paid for such lands sought to be appropriated herein, and that upon a payment to the proper owners of the compensation, the appropriation of said property may be allowed and possession thereof awarded to plaintiff according to law, "for the uses aforesaid", and for further relief.

On September 6, 1912, the Court made an entry as to the preliminary questions and found "and being fully advised in the premises finds that the plaintiff is a corporation and has a legal right to make the appropriation of the property described in the petition as prayed for; and the Court orders the jury impanelled".

The verdict of the jury is to the effect that we do assess the compensation and damages to be paid by plaintiff, by reason of the appropriation of the property described in the petition to the uses and purposes of said plaintiff, as set forth in said petition.

Thereupon the decision of the Court was journalized to the following effect, the parties having demanded a separate trial of the separate tracts and lots of land described in the amended and supplemental petition, and the jury having determined the total compensation to be paid by the plaintiff to the owners of Tract No. 2, it is ordered that judgment be entered upon said verdict, and it was thereupon ordered that upon payment of the amount to the owners the plaintiff "shall be entitled to take possession of and hold and use the property, rights and interest of said defendant, so appropriated, for the use and purposes for which the appropriation is sought, as set forth in the amended and supplemental petition".

A receipt is signed by the owners for $6,800.00, "in full satisfaction of the verdict and judgment."

An ordinance of the city is introduced granting to The Columbus Depot Company the right to construct and maintain tracks which provides that the ordinance is passed upon the representation and the rights are granted upon condition that The Columbus Depot Company shall improve its property by erecting buildings thereon, to be completed before January 1, 1917.

There is other evidence touching preliminary matters in reference to the condemnation which is not necessary to note.

It is admitted that the allegations of the petition as to the abandonment of the use for which property was condemned are true, and that no railroad structure was ever constructed on the property, and that the same has been and is now leased by The Columbus Depot Company for parking space, and that other property acquired for railroad and depot company purposes has been disposed of.

It is also stated that The Columbus Depot Company was a subsidiary of the Ohio Valley Traction Company, and as such pays the taxes on the property.

### THE CONSTITUTION

Sec. 19 of Article I of the Constitution provides:

"Private property shall ever be held inviolate but subservient to the public welfare."

The Section then provides that when taken in time of war or for the purpose of making or repairing roads, a compensation shall be made to the owner, in money, and that in all other cases where property shall be taken for public use, a compensation shall first be made in money, assessed by a jury, without deduction, etc.

Section 5 of Article XIII provides:

"No right of way shall be appropriated to the use of any corporation, until full compensation therefor be first made in money * * * irrespective of any benefit * * * which compensation shall be ascertained by a jury * * * ."

The necessity of both these constitutional provisions is not quite clear, nor the difference in their provisions.

The matter is discussed in the case of Giesy v R. R. Co., 4 Oh St, 308.

However, further discussion of differences need not be indulged in as it does not affect this case.

The general statutes relating to appropriation of private property are found in

the chapter on appropriation of property, §11038 GC, et seq.

A cursory reading of these sections, without consideration of interpretative decisions, might lead to a conclusion that they provide for the appropriation of the fee simple to the property or of an easement or interest therein, as the condemnor seeks in its petition.

Sec. 11038, GC, speaks of the appropriation of private property.

Sec. 11039 provides that it may be made only when there is no agreement between the owner and the corporation as to the compensation to be paid "for the property or easement or interest therein sought to be appropriated".

Sec. 11040 speaks of "property" of a minor, and provides that the guardian may make a written application for authority to convey the "property" to the corporation.

Sec. 11042 provides that the petition shall contain a specific description of "each pracel of property, interest, or right" sought to be appropriated, and the name of the owner of each parcel, and the names of all persons having an interest in the "property".

Sec. 11057 in reference to buildings extending partly on the "property" appropriated, and partly on other "property", provides that if the owner elects to accept the value of the structure "the title thereto shall vest in the corporation".

Sec. 11059 provides that on the payment to the party entitled thereto, the amount of the verdict, it will be entitled "to take possession of and hold the property, rights or interests so appropriated for the uses and purposes for which the appropriation was sought as set forth in the petition".

Sec. 11065 provides that on the payment of the money the corporation may enter upon and appropriate property, notwithstanding the pendency of the proceeding in error.

Sec. 11070 provides that after final judgment and the depositing of the amount thereof, the corporation "may be entitled to enter into possession of the property sought to be appropriated".

It will be noted that repeatedly the several statutes speak of the "property or easements or interest therein sought to be appropriated", indicating that possibly the Legislature had in contemplation an appropriation of the fee to the property as distinguished from a lesser estate.

However, we cannot arrive at the conclusion that these statutes permit the taking of the fee to the property, without carefully analyzing the decisions in which they are interpreted.

## SPECIAL STATUTES

Sec. 3677, et seq, provides for appropriation of property by municipal corporations.

Sec. 3691 provides that on payment by the corporation of the amount assessed "an absolute estate in fee simple shall be vested in such corporation unless a lesser estate or interest is asked for in the appropriation, in which case such lesser estate or interest as is so asked for shall be so vested."

Sec. 9160 provides for the organization of a company for the purpose of purchasing or leasing depot grounds, and locating, constructing and maintaining a common or union station house, passenger or freight depot.

Sec. 9169-1 provides for the organization of a corporation for the purposes of constructing, maintaining and operating union electric interurban terminals and depots.

Sec. 9169-2 provides that such company shall have the power to appropriate private lands for "acquiring depot sites". Such company's power to appropriate shall be exercised in the manner provided for the exercise of such power by railroad companies.

Sec. 8759, in the chapter relating to railroads, provides that a company which owns or operates a railroad may enter upon any land and appropriate so much thereof as is deemed necessary for its railroad, including necessary depots.

Sec. 8762 provides that conveyances to such companies acquired by gifts shall be null and void unless the company to which they are made completes its road on the right of way within five years from the time of conveyance.

This section is referred to simply to show that a failure to build the road causes a reversion of the property to the original donor, even though it may have been conveyed by deed in fee simple.

## CLAIM OF PLAINTIFFS

The plaintiffs' claim that by reason of the statutes and the interpreting decisions the Depot Company did not acquire an absolute estate in fee simple in the real estate, but acquired conditional fee or a lesser estate, and that since the Company did not acquire an absolute fee simple title to the land, whatever title it did acquire has been lost by non-use and abandonment of the purpose for which it was appropriated; and that the title to said lands is now in the plaintiffs, free and clear of any claim of the Depot Company.

## CLAIM OF DEFENDANT

It is the claim of the Columbus Depot

Company that at the time of the condemnation it was possible under the then existing law for a private corporation to condemn an absolute fee, which was done in the condemnation proceeding, which is the basis of the title of the company; that when an absolute fee simple is appropriated the public use may be abandoned or the land devoted to other uses without extinguishing the rights appropriated or effecting a reversion to the former owner.

## BRIEFS

We wish to state to counsel representing each side of this case, that their several claims have been presented in a most masterly manner. We very seldom are favored with briefs which so comprehensively and logically present the claims of the litigants. Each side has been frank with the other in conceding certain matter of importance, which might have been the subject matter of extended argument, and each has assisted the other in citing cases and principles that might tend to support the claim of his opponent. There has been a fine spirit of cooperation to assist the Court in arriving at a correct conclusion.

Owing to the apparent difficulty of the path we must follow we should properly start at the foundation, which of course, is the Constitution.

We have no difficulty in arriving at the conclusion that the constitutional provisions are broad enough to support a legislative structure that would permit the condemner to secure a fee to the property it seeks to appropriate.

Sec. 3677, GC, provides that municipal corporations shall have special power to appropriate, enter upon and hold real estate within their corporate limits. Such powers shall be exercised for the purposes and in the manner provided in this chapter. Then follows an enumeration of some fifteen different purposes for which municipal corporations may appropriate property.

Sec. 3691, (98 O. L., 164, 1906) provides:

"Upon the payment or deposit by the corporation of the amount assessed, as ordered by the court an absolute estate in fee simple shall be fixed in such corporation, unless a lesser estate or interest is asked for in the application in which case such lesser estate or interest as is so asked shall be fixed."

Sec. 3692 provides that a municipal corporation may again appropriate any real estate which it has previously lawfully appropriated in order to perfect in it a title in fee simple absolute in such previously appropriated real estate.

From an examination of the procedure now available for the appropriation of the fee by a municipal corporation we conclude that such an appropriation of the fee is within the range of the constitutional power. Malone v Toledo, 34 Oh St, 541.

The general procedure seems to differ from the ordinary procedure in appropriation in that the resolution of counsel takes the place of the finding of the court that an appropriation of the property sought is necessary.

In §3692 we detect the fact that until the passage of §3691 (98 v 164), there was no power even in a municipal corporation to appropriate the fee to the real estate and the latter section was passed to enable title to property appropriated prior to that date to be enlarged into a fee by this second appropriation. This legislative enactment seems to point the conclusion that without the special provision and in spite of power under the Constitution to do so, an appropriation in fee may not be made except under the provision of an appropriate statute. It will be noted that cases involving the question of a fee in a municipal corporation clearly keep in view the fact that the appropriation falls within the power granted to municipal corporations.

Sec. 7624 provides that when it is necessary in the opinion of the Board of Education to acquire property the same proceedings of appropriation shall be had as are provided for the appropriation of private property by municipal corporations. 103 O. L., 466—1913. It might be urged that to permit a school board to appropriate the fee it became necessary to amend the law in spite of 3691 specifically granting the right to appropriate a fee to a municipal corporation.

In the case of Pifer v Board of Education, 25 Oh Ap, 469, it is held:

"Unless a lesser estate is asked for in the application filed by a board of education in appropriation proceedings an absolute estate in fee is taken upon the payment by the board of the amount assessed as ordered by the court. Property so appropriated does not revert to the original owner when the use of the same is discontinued for school purposes, and may be disposed of by the board of private parties."

It will be observed that the court is careful to point out that the appropriation there under examination was made under the authority of the broader statutes relating

to municipal corporations and school boards. The court appropriately says that no person or corporation can take private property without the consent of the owner

"unless that right has been delegated to it by legislative enactment under the authority of the Constitution, and there is no doubt that this delegated authority, being in derogation of the common law rights must be strictly construed."

The court further states,

"The general rule seems to be that where lands are appropriated for a public use, an easement only is taken therein, unless the taking of a greater estate as a fee simple title, is expressly authorized by law."

This rule is stated in **Vought v Columbus H. V. & A. Rd. Co., 58 Oh St, 123**, as follows:

"The general rule being, that where lands are acquired for a public use, an easement only is taken therein, unless the taking of a greater estate, as a fee simple, is expressly authorized by law." See Page 164, Id.

The court in the Pifer case disposes of the contention by pointing out that the special legislative act authorizing the appropriation under consideration in that case did not designate the interest of the estate taken and consequently the court held that only an easement was acquired and therefore that case had no application to the instant case. (**Piper v Board of Education.**) The case above cited is of interest in that it has cited and discussed many Ohio cases, some of which we may touch upon later.

Counsel for appellee urges that at the time of the condemnation involved in the present case it was possible under the then existing law for a private corporation to condemn a fee. He has not pointed out in what way the then existing law has since been modified, or in what way it differed from the law in existence at the time certain important cases were determined adversely to his claim. It may be he has in mind the fact that since this condemnation took place there have been amendments specifically stating that municipal corporations and school boards may appropriate the fee, but it scarcely follows from this that before such amendments were made a fee might have been appropriated by a depot company.

## WHAT WAS THE APPROPRIATION IN THE PROBATE COURT OF THE PROPERTY IN QUESTION?

The amended petition in that case set out the necessity for the appropriation and that it intended to appropriate the lands for the purpose of constructing thereon a depot for passenger and freight. The plaintiff asked that a preliminary hearing be had and that steps be taken as are provided by law and that the plaintiff may be adjudged "to be entitled to appropriate said land and every interest therein". Let us assume for the moment that "every interest therein" has reference to the absolute fee simple title to the property rather than being a prayer to appropriate every outstanding interest in the property sought to be appropriated for the purpose of constructing thereon a union depot.

It must be conceded that the plaintiff's right in such an action rose no higher than the statute under which it sought to appropriate the property. It could not secure a fee unless the statute authorized the appropriation of the fee for the purposes under contemplation. The court did make the order finding that the plaintiff had a legal right to appropriate the property described in the petition as prayed for but the jury probably under the instruction of the court or possibly on the regular printed form used for such purpose assessed the compensation to be paid by reason "of the appropriation of the property described in the petition to the uses and purposes of said plaintiff as set forth in said petition" and the court found that upon compensation the plaintiff should be entitled to take possession of and hold and use the property rights and interest of said defendant so appropriated "for the use and purpose for which the appropriation is sought as set forth in the petition".

We therefore arrive at the conclusion that irrespective of what the plaintiff may have sought so far as the title was concerned and irrespective of the court's preliminary finding that the plaintiff has a legal right to make appropriation of the property described as prayed for, the verdict of the jury was for the property for the use and purposes for which the appropriation was sought, which was followed by the judgment of the Court to the same effect.

Counsel for the appellee asserts that the question as to the right of the company to appropriate the fee of the property should have been raised at the time of the preliminary hearing, and that such question can not now be raised.

We are not called upon to take the position that any error then committed by the court should have been corrected by appropriate proceedings for review, because it does not appear to us that the court made any error, in that it did not find as a preliminary question that the plaintiff was entitled to appropriate a fee and even if it had done so the verdict of the jury had no reference to a fee and the final order of the court did not attempt to authorize the appropriation of a fee but only held that upon the payment of the amount the plaintiff shall be entitled to hold and use the property rights and interests of defendant "for the use and purpose for which the appropriation is sought" as set forth in the amended and supplemental petition. We do not follow the defendant in its claim that the Probate Court in its original hearing granted the condemner the right to appropriate the property in fee simple, and that if the Court erred in granting this right it is now too late to complain.

## OHIO AUTHORITIES

"Grants of corporate power, being in derogation of common right, are to be strictly construed—particularly where the power claimed is a delegation of the sovereign power of eminent domain—one of the highest powers of sovereignty pertaining to the State itself, and interfering most seriously and often vexatiously, with the ordinary rights of property." **Currier v R. R. Co., 11 Oh St, 228.**

"It is equally well settled, that it is for the legislature to determine the estate or extent of the interest which the public necessity requires; whether an estate for years, for life, a mere easement, or a fee absolute or conditional." **Malone v Toledo, 34 Oh St, 541-546.**

"The property being taken for public use, when that use ceases, it must revert to the owner of the soil, from whom it was taken, relieved of the burden or easement which the sovereign power has imposed." **McCombs v Stewart, 40 Oh St, 647-664.**

We find an excellent treatise on the whole question in the case of **Pontiac Co. v Commissioners, 104 Oh St, 447.** Judge Johnson has been so clear and exhaustive in his examination of the exercise of power of condemnation that we feel that it is unnecessary to analyze the case in detail and we will quote but little.

" * * * The protection of the constitutional guaranty of the right of private property requires the powers granted by the legislature be strictly pursued and where the authority granted is to acquire a fee or lesser interest the term 'lesser' interest can not be construed to mean authority to prescribe regulations from time to time as to the manner in which the property may be used or improved."

In that case two tracts were sought to be affected by the condemnation proceedings, one to be taken and the other to be controlled by a park board, although the title remained in the owner The paramount question was whether the board had authority to appropriate, by condemnation, rights and privileges which are less than the possession of the property.

"Do they constitute such an interest in the real estate as contemplated by the statute and as authorized to be taken by condemnation under the constitution?"

The Judge then says:

"The right to eminent domain is an attribute of sovereignty and only the sovereign power or one to whom it has delegated the right, can take property without the consent of the owner, and when this right has been granted to a subdivision of the state, a person or a corporation, the terms of the grant are strictly pursued. When the matter is in doubt it must be resolved in favor of the property owner. These principles are firmly established."

Judge Johnson quotes with approval many cases and texts. In the case there under consideration there was no question that under the statute the fee might be taken, but the question involved the point as to whether or not under the provision permitting a municipality to appropriate a "lesser interest" it could assume control of other property the possession of which it did not seek to assume. That of course is the reverse of the case we have before us. In the present action there is no authority granted by legislative enactment to take the fee but only to acquire the property for the uses and purposes of the public utility seeking to hold it, and under the guise of the authority to take a lesser interest a greater interest is claimed, whereas in the case decided by Judge Johnson, although the entire fee could be taken, it is held that simply the right to control the property without its possession could not be condemned. The case is so full of clear-

cut reasoning that we refrain from discussing further. Many pertinent cases and texts are cited and quoted.

Some other cases that we have examined are:

Garlick v Railway Co., 67 Oh St, 223, 234.

Lake Erie R. R. v Terminal Co., 72 Oh St, 368.

Platt v Pa. Co., 43 Oh St 228; McCombs v Stewart, 40 Oh St 648, 664.

Giesy v R. R. Co., 4 Oh St, 308, where it is held only such interests as will answer the public wants can be taken; and it can be held only so long as it is used by the public, and can not be diverted to any other purpose.

Some cases are cited which may easily be differentiated from the case at bar in that they affect the right of a municipal corporation to take the fee and some fall within the legislative enactments made in connection with canal property, as Malone v Toledo, 34 Oh St, 541.

We have read with interest those cases which touch upon the duty of the court to find that there is a necessity for the appropriation, but we think that we have already sufficiently touched upon that matter. See Cincinnati v R. R. Co., 88 Oh St, 283; Railroad v Todd, 72 Oh St 157.

We think it is not difficult to distinguish those cases in which it is held that one railroad company, having originally condemned the property for railroad purposes may sell the same to another company to be used for the same purpose, as in Garlick v R. R. Co., 67 Oh St, 225. It is only when the purpose fails that the taking of the property fails. One company has a right to transfer to the other that which it acquired, under the original condemnation.

## CONCLUSION

It would add too much in length to this already extended opinion to note in detail the several cases cited, and to comment upon their interesting discussion. Suffice it to say that not without regret we are forced to a conclusion which restores property to the children of one who, twenty-five years ago, received the sum therefor which in the judgment of the jurors was no doubt adequate. On the other hand we think it would be dangerous to hold that under the guise of public activities permitting condemnation, a corporation might take desirable property and hold it after it has abandoned entirely the purpose for which it may have been taken. This right is given only to municipal corporations and school boards upon a definite statutory provision,

and we may not assume that in giving the right to such corporations the legislature intended to grant the same right to corporations such as the appellee upon whom such right was not conferred by statute. It is safer to adhere to the admonitions of Judge Johnson than it is to venture into a new field because we may feel that the ancestor of the plaintiff has already been sufficiently compensated for his appropriated property. The question as to whether or not the title may be recovered without compensation to the Depot Company for the loss it must suffer, has not been broached except for reference in appellant's brief, and we do not find it necessary to pass upon this question.

Viewing the matter as we do, the judgment of the Court below will be reversed.

Coming now to render the judgment that should have been rendered by the Court below, this Court finds in favor of the plaintiffs.

BARNES, PJ, HORNBECK & GEIGER, JJ, concur.